IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SPENSER DANIELS,

    Petitioner,

vs.                                                        Case No. 4:14cv467-MW/CAS

JULIE L. JONES, Secretary,
Florida Department of Corrections,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS AMENDED § 2254 PETITION

On August 28, 2014, Petitioner Spenser Daniels, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner subsequently filed an amended § 2254 petition and supporting memorandum. ECF No. 6. Petitioner challenges his 2005 conviction and sentence entered by the Second Judicial Circuit, Leon County, Florida, in case number 2003-CF-3077. *Id.* On May 21,

---

[1] The Clerk of Court shall substitute Julie L. Jones as Secretary of the Florida Department of Corrections in place of Michael D. Crews. Julie Jones became Secretary on January 5, 2015, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

2015, Respondent filed a motion to dismiss the habeas petition as untimely. ECF No. 15. Petitioner has filed a reply to the motion to dismiss. ECF No. 18.

The matter was referred to the undersigned magistrate judge for issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters, pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases. The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Analysis

Petitioner challenges his 2005 conviction and sentence for attempted second degree murder and shooting into an occupied dwelling in case number 2003-CF-3077 from the Second Judicial Circuit, Leon County, Florida. ECF No. 6. Petitioner raises four grounds, all alleging ineffective assistance of counsel (IAC): (1) counsel failed "to know the law in relation to enhancements pursuant to Florida Statute 775.087"and "failed to inform Petitioner of each element of the crime," *id.* at 5; (2) counsel failed "to convey initial plea offer of (20) years, which subsequently enhanced into an offer of (20) years as Prison Releasee Reoffender which caused the (20) years to become a mandatory sentence," *id.* at 6; (3) counsel failed "to object to State witness Robert Crum

testifying as to inferences," *id.* at 8; and (4) counsel failed "to move for mistrial as result of prosecutor shifting the burden of proof to the defense," *id.* at 10.

Respondent has filed a motion to dismiss the § 2254 petition as untimely. ECF No. 15. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1). The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* at § 2244(d)(1)(B)-(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* at § 2244(d)(2).[2]

As Respondent indicates, the First District Court of Appeal (DCA) per curiam affirmed Daniels' judgment and sentence without a written opinion on August 2, 2006, following counsel's filing of an initial brief pursuant to Anders v. California, 386 U.S. 738 (1967), and that court also denied his pro se motion for rehearing on September 28, 2006. *Id.* Exs. H (Anders brief), I (pro se brief), J (per curiam affirmance), K (pro se

---

[2] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

motion for rehearing), L (order denying rehearing).[3]   Daniels did not seek further review; therefore, his conviction became final for AEDPA purposes on December 27, 2006, upon expiration of the 90-day period for seeking certiorari review in the U.S. Supreme Court.  The one-year AEDPA limitations clock started on December 28, 2006. After 47 days, on February 13, 2007, Daniels filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. N.  Because of his various overlapping state court filings, the AEDPA limitations period remained tolled until December 13, 2012, when the state circuit court denied his second Rule 3.850 motion and he did not appeal.  Exs. O-UU.  Daniels did not file his § 2254 petition until September 28, 2014, over 650 days later and well beyond the one-year AEDPA limitations period.

Indeed, Petitioner acknowledges that his § 2254 petition is untimely.  ECF No. 6 at 13.  He explains that he relies on Martinez v. Ryan, 132 S.Ct. 1309 (2012), to excuse any "default."  ECF No. 6 at 13, 15; ECF No. 18.  In Martinez, the Supreme Court held that "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state court's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."  132 S.Ct. at 1320.

As Respondent points out, however, the Eleventh Circuit has expressly rejected Petitioner's argument that Martinez applies to overcome the AEDPA limitations bar.

---

[3]Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 15.

*See* Arthur v. Thomas, 739 F.3d 611, 630-31 (11th Cir. 2014) ("Because Arthur's § 2254 petition was denied due to his complete failure to timely file that § 2254 petition, the Supreme Court's analysis in Martinez and Trevino[ v. Thaler, 133 S.Ct. 1911 (2013),] of when and how 'cause' might excuse noncompliance with a state procedural rule is wholly inapplicable here. . . . Thus, we also hold that the reasoning of the Martinez rule does not apply to ADEPA's limitations period in § 2254 cases or any potential tolling of that period."); *see also, e.g.*, Lambrix v. Sec'y, Dep't of Corr., 756 F.3d 1246, 1262-63 (11th Cir. 2014) (explaining "Martinez does not alter the statutory bar against filing untimely § 2254 petitions"). Thus, Martinez affords Petitioner no relief from the AEDPA time bar.

## Conclusion

For the reasons stated above, this § 2254 petition is untimely. Therefore, Respondent's motion to dismiss (ECF No. 15) should be granted and the amended § 2254 petition (ECF No. 6) should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any argument as to whether a certificate should issue by filing objections to this report and recommendation.

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 15) be **GRANTED**, the amended § 2254 petition for writ of habeas corpus (ECF No. 6) be **DISMISSED**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Julie L. Jones as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2015.

                                          s/ Charles A. Stampelos
                                          **CHARLES A. STAMPELOS**
                                          **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**